Case number 19-6395. Carolyn Griffith et al. v. Comm of Social Security. Argument not to exceed 15 minutes per side. Ms. Amy Lischinsky may proceed for the appellants. Thank you. Good morning, Your Honors, and may it please the Court. Amy Lischinsky on behalf of appellants. One of the most fundamental tenets of due process, and this is reflected in decades of Supreme Court precedent, is that an individual has the right to challenge material factual assertions. In this case, in these cases, the agency relied on specific allegations of fraud to exclude evidence in hundreds of cases, and it denied the beneficiaries any opportunity to contest those fraud allegations. This Court held that this violated not only the immutable norms embodied in the Constitution, but also the Administrative Procedure Act. All told, this Court found the government's position violated the law in four separate respects. On re-manage, the government put forth yet another losing argument, which the district courts described as illogical. This string of losses, standing alone, is sufficient to find a lack of substantial justification. But more than this, the government's position conflicted with binding precedent in multiple regards, providing at least two more reasons for reversal. First, the government's position ran directly counter to a half-century of Supreme Court precedent that makes clear that the government may not deprive citizens of property without first providing a meaningful opportunity to be heard. The Supreme Court has recognized that principle any number of times, from Greene to Doe to Hamdi and Matthews itself. Second, the government failed to provide formal adjudication procedures, and in fact, its position on this issue makes little sense. This Court held that the government had conceded both the major and minor premises of illogical syllogism, and this forecloses any argument that the government's position was substantially justified. The district courts found the government's position substantially justified only by committing a series of legal errors. Each of these errors, by definition, constitutes an abuse of discretion. So first, the district courts significantly overemphasized the importance of their prior acceptance of the government's position. This Court has made clear both in Howard and in Wall that that factor is entitled to very little weight, and what matters is the merits, the substance of the case. And second, the courts gave this court's opinion, the district courts gave this court's opinion in Hick's short shrift. In several important respects, the district courts failed to accept this court's view of the merits as the premise for evaluating the government's and that is a second reason for reversal. Have there been other cases in the other circuits? I know there's the 7th Circuit case. What's happened in the other circuits? Because I thought there were some cases in the 1st Circuit and the 4th Circuit. What's happened there? There are cases pending in other circuits. There's cases pending in the 4th and 11th Circuits, I believe also the 1st. There are no additional opinions at this time. I thought that in the 1st Circuit that maybe the government had withdrawn its appeal. Am I mistaking that? Oh, yeah. Forgive me, Your Honor. You're right about that. In the cases that arose out of Puerto Rico, the government did withdraw its appeal. Thank you. And did the government seek cert in this case from Hick's? It did not. It did not from Hick's. So beginning with the string of losses argument, the government lost in five regards, four before this court and one on remand. And this strongly indicates a lack of substantial justification. There were four different reasons why the government's position or the government's actions violated the law. And in fact, the Jackson Court, the 7th Circuit has now identified a fifth reason why the government's position is inconsistent with the law. And this is strong evidence of unreasonability. It's sort of like trying to file your taxes at the bank on Memorial Day. You're late. You're in the wrong place. And the bank's closed because it's a holiday. There's three different reasons why what you're doing makes no sense. And that's the situation here is that the government's position violated the APA in multiple regards. And that string of losses, as this court explained in Glenn, is indicative of a lack of substantial justification. And the fifth error in that string, the government's choice to seek a sentence six remand rather than a sentence four remand, I think is particularly illustrative. That position was foreclosed by both the text of the statute and Supreme Court precedent and circuit precedent interpreting the statute. And yet the government proceeded forward. And that was, again, in direct contrast to the position the government had taken after the decision before the district court in Hicks. And so the government's position there was just so out of step with the norms of law, and in fact, with its own prior positions, that it's strongly indicative of a lack of substantial justification, especially when it comes on the heels of having lost on four separate issues before this court. In addition to this string, there are the two losses where the government's position was foreclosed by precedent. So starting with due process, the government agrees with us that a position cannot be reasonable if it conflicts with clear precedent. And under that rule, Hicks resolves this case because the court there found the government's position ran directly counter to, you know, decades and decades of Supreme Court precedent, making clear that the government may not deprive citizens of property without first giving them a meaningful opportunity to be heard. Ms. Bloshensky, when this court considered Hicks, Judge Rogers dissented. And the test is, I mean, obviously, the government's position has to be substantially justified, and that's been defined as whether a reasonable person would have thought it correct. Well, it was a divided decision in this court, and I believe that all of us try to believe that our colleagues have reasonable positions, even if they may disagree with us. I think that that causes you a substantial problem, arguably. What do you do about the fact that this court was not in the government's position? How do we look at that? Thank you, Your Honor. So two responses to that. The first is that a dissent is not dispositive. Unanimity is not required. I didn't say it was dispositive, and I would agree that it's not dispositive, but what do we do with it, nevertheless? Absolutely. So I think that the rule laid down by the Fourth Circuit in EEOC v. Clay is a really sensible rule, which is that the views of the dissenting judge should be considered, but the fact of a dissent alone is not dispositive. And we know that latter point, that's established in both Guzzo and in Pablo Lorenzo. In Pablo Lorenzo, the dissenting judge noted his belief that the government's position was not only reasonable but correct, and the majority awarded each of these anyway. So I think this just goes back to the principle laid down in Wall, which is that the merits are what matters. I think it's important to look at the majority opinion and suss out the reasonability of the government's position, but the existence of a dissent, and this goes as well to the existence of district court decisions agreeing with the government. EJIA is not a head-counting exercise. It's about the merits. It's about the substance and the substantial justification of the government's position. And then the second thing I'll say is that there is daylight between the position that we're putting forth here and the position put forth in Hicks. We don't rely entirely on the losses that this court identified in Hicks. We also rely on the sentence for sentence six lawsuit for the district courts, which those courts described as illogical. And so I think that there is room for an identification that even if the government's position had not been substantially unjustified before this court, by the time it got to the district courts and refused to accept this decision and continued to put forth positions that were illogical and inconsistent with precedent, that it then tipped the scales and became substantially unjustified. So on the sentence four versus sentence six, eventually the government did concede that it was sentence four. Is that right? Yeah, after it had lost before two district courts and its position had been described as illogical, it conceded the point before the remaining district court. Turning to the formal adjudication issue, as discussed, a position cannot be reasonable if it conflicts with clear precedent. In this case, the court found that its decisions in Mullen v. Bowen and Calvin v. Chater provided that formal adjudication procedures were required here. And the government actually, the argument laid out in Hicks is a syllogism. There's a major premise and a minor premise. And the Hicks majority found that the government had conceded both of those premises. And so from that, it follows that the formal adjudication procedures were required and that the government erred in not providing them. And so the government's position, you know, that 405B1 is coextensive with the APA and that 405U does not itself specify a requirement for a hearing. Those issues are all beside the point. If all 405B1 hearings require APA procedures and all 405U proceedings are 405B1 proceedings, then it just follows that the proceedings under 405U require formal adjudication. Let me ask you about the Senate's four versus Senate six. There's not any precedent for doing anything that I'm aware of for doing anything other than considering the government's arguments as a whole. And as far as I can tell, the precedent tells us to consider how important the arguments were. Say, for example, say you're right about the Senate six argument. There's not any precedent for separating that out, that particular issue out, is there? And making, I mean, say all the rest of the government's position is reasonable, but not that one. What do you do with that? So, you're correct, Your Honor, that the test is whether the position is reasonable as an to sort of envelop the unreasonable position in with the others and consider whether the position as a whole is unreasonable in light of the subsidiary issues. I see my time has expired. Any further questions? Thank you. You'll have your rebuttal. Thank you. Ms. Lilly? Good morning, Your Honors. Janie Lilly for the Commissioner of Social Security. It's important to remember the complex and novel questions the agency faced when this massive fraud was discovered. The agency was required to craft redetermination procedures in the face of unprecedented fraud and was required to balance Congress's clear anti-fraud mandate with the When those procedures were challenged, the government defended those procedures under long-established case law and doctrine. And while this court disagreed with those procedures and rejected the agency's approach, we're not here to dispute that or to disagree with the court's decision on the merits. But the district courts correctly and unanimously concluded that the agency's position as a whole was substantially justified. Do you have anything else that you want to say? No, Your Honor. If this court has questions about the agency's position and crafting the redetermination procedures, I'd be happy to address those. Did you seek cert in this case? No, Your Honor. And I know the Seventh Circuit has a case. Are you or have you sought cert in that case? The Jackson decision, Your Honor? No, Your Honor. I don't believe that the time period for deciding whether to seek cert has expired yet. But so far, you haven't filed for cert, right? No, Your Honor. And you conceded in a First Circuit case, right? Or you withdrew your appeal? With respect to the First Circuit challenges to the agency's redetermination procedures, the agency has not withdrew an appeal. But again, those... I'm sorry. You did or did not withdraw the appeal? We did. But yes, Your Honor, the agency has not pressed an appeal in those cases. Those do present slightly different questions. And, Your Honor, those indications, of course, are about... are not particularly relevant to the question whether the agency's position in this case was substantially justified in crafting the redetermination procedures and then defending them before this court. Your brief sounds like you aren't challenging the merits determination of the majority in this case. Excuse me, Your Honor. Are you challenging the merits determination? Absolutely not. The agency has issued an acquiescence ruling in this court's decision and is effectuating this court's decision. So I would like to clarify any confusion on that point. Our brief does not contest the majority decision in Hicks. It contests only plaintiff's contention that the agency was not substantially justified in defending the agency's redetermination procedures. How do you decide if you have a split decision of a Court of Appeals panel? How do you decide whether the agency's position is automatically justified, substantially justified, or not? Your Honor, I think that the Supreme Court and this court have been clear that the analysis is holistic, that it is contextual, and that it requires consideration of the state of the law at the outset of the agency's action and whether the result was foreordained at the outset. We think in this case that there are many indications that the outcome was not foreordained. The presence of Judge Rogers' dissent, disagreeing with majority on every legal claim is certainly evidence that reasonable minds could and did disagree about the validity of the redetermination procedure. But wouldn't that be true in the case of any dissent? It may be, Your Honor. There may be dissents on any number of claims or grounds here where there was... A frivolous dissent, which of course this was not a frivolous dissent. No, Your Honor. But it strikes me that your position really verges on saying that any time there's a dissent that is, I'm going to call it a responsible dissent, not a frivolous dissent, that you automatically win and here the Social Security claimants are not entitled to attorney's fees. Quite the opposite, Your Honor. We're saying that the inquiry, the substantial justification inquiry, is a holistic contextual analysis. The existence of a very well-reasoned every legal claim in the case is certainly evidence that reasonable minds could and did disagree. But the analysis required under EJA is a contextual analysis of the agency's position as a whole. Does it matter that... Excuse me. Go ahead. Does it matter that the district courts had also disagreed on this question before we decided, considered, and decided Hicks? Your Honor, as we noted, that is objective indicia of reasonable disagreement among a large number of jurists about the complicated and difficult questions facing the agency in implementing the statutory mandate. So yes, Your Honor, the district courts in this court are fully within the exercise of their discretion in considering just how complicated it was and the objective indications that this was a complicated and novel legal challenge facing the agency and the government in defense of those procedures. One of the numerous issues that the panel focused on was the test under Matthews. Yes, Your Honor. Matthews test is arguably a flexible test. Does that mean then that any time that the government challenges and is found to be violating the Matthews test because of the flexibility of that test, automatically the government's position is substantially justified? Your Honor, we certainly are not taking the view that there's any sort of automaticity to the inquiry, that the courts must look at how the agency crafted its procedure, how it litigated in this case, that it sensibly chose to defend the procedure under the Matthews test, the reasons it gave for defending the procedure under Matthews, the arguments it gave in favor of each of the Matthews factors and the balance it struck. You have seven minutes if you wish to use it. No, Your Honor, but if the court has no further questions, then we would ask that the court affirm the unanimous district court's decisions. Any further questions? Thank you. Thank you. Just to respond to a couple points. So the district court's prior disagreement with this court's decision in Hicks is not objective indicia of reasonableness. That phrase comes from the Supreme Court's decision in Pierce. And Pierce, and also this court's decision in Howard, have said that a string of wins or a string of losses can be indicative of substantial justification. But both of those cases actually reject reliance on that factor. And in Pierce, the string issue was a nearly unbroken string of wins. I believe it was nine district courts and two courts of appeals had agreed with the plaintiff's position. And the Supreme Court held that that was not a string, that was not objective indicia of unreasonability. And the record here is much murkier. There are district courts on both sides. There are two courts of appeals that have ruled for plaintiffs. And so what's been presented here is not a string of wins. And so it's not an objective indicia. And I think more importantly, the EJ is not a tallying exercise. It's about looking at the substance about the merits, as this court explained in Wall. And I think this applies to both the district court decisions and Judge Rogers' dissent. The inquiry requires looking at the substance of those decisions, laying them up against the majority decision, and deciding whether or not the government's position was reasonable. It's not a simple matter, you know, of just counting the judges or courts that have agreed with the government's position. And finally, the last point I'd like to make is that the government has emphasized that it had a need to craft a procedure to deal with the fraud uncovered. And, you know, while we respect the need to do that, the government chose here, the government has never identified an example like this. The government has never identified a case like this. And so the government chose to swim in uncharted waters. And in doing so, it ignored decades of precedent from the Supreme Court indicating that the government may not deprive citizens of property without giving them a meaningful hearing that includes the opportunity to be heard on all material facts. So for those reasons, Your Honors, if there's no further questions, we would ask that the district court decisions be reversed. Any further questions? Thank you. We appreciate you both arguing this case and will issue a decision in due course and you may remove yourselves from the argument room. Thank you so much. Thank you. Thank you, Your Honor.